**In re CARLIN INVESTMENT COMPANY, Debtor.**

**No. 83–00410–S–7.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 12, 1993.

See also 140 B.R. 461.

Dale R. Crandall, Perrysburg, OH, for the Estate of Austin G. Hall.

John J. Hunter, Toledo, OH, trustee.

John MacKay, Toledo, OH, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion and Memorandum of Marguerite F. Hall; Notice of Supplement; and Trustee's Memorandum In Response To Request Of Marguerite F. Hall to Have A Tardily Filed Claim Treated as Timely Filed. The Court has reviewed the written arguments of Counsel and the Trustee, supporting affidavits, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, Marguerite F. Hall's Motion for an Order authorizing payment of her claim on behalf of the Estate of Austin G. Hall as an allowed unsecured claim as if timely filed should be Denied; and her Proof of Claim deemed an allowed unsecured claim subject to distribution under 11 U.S.C. § 726(a)(3).

### FACTS

On September 19, 1979, Austin G. Hall (hereafter "Mr. Hall") sold to The Newell B. Newton Company (hereafter "the Company") Three Thousand Seven Hundred Sixty (3,760) shares of its outstanding common stock for One Hundred Forty Thousand and 00/100 Dollars ($140,000.00). The Company agreed to pay for the stock by tendering Twenty Six Thousand and 00/100 Dollars ($26,000.00) at closing; and execut-

ing a promissory note for the remainder. In 1979, Debtor and the Company merged. At the time of merger, there was an outstanding balance due Mr. Hall on the promissory note.

An involuntary Chapter 7 was filed against Debtor on March 7, 1983. Mr. Hall was listed on the attendant Schedule A–3, Creditors Having Unsecured Claims Without Priority. The First Meeting of Creditors pursuant to Bankruptcy Rule 341 was convened on October 5, 1983. Subsequently, Mr. Hall died and Marguerite F. Hall (hereafter "Mrs. Hall") became the Executrix of his estate. On July 23, 1992, notice was mailed to Mr. Hall at 5535 Olde Post Road, Sylvania, Ohio advising him that Proofs of Claim were due by October 23, 1992. The notice was not returned as undeliverable. On December 7, 1992, Mrs. Hall, in her representative capacity, filed a Proof of Claim for Seventy Six Thousand Seven Hundred Forty Four and 35/100 Dollars ($76,774.35). Thereafter, she filed a Motion seeking authorization of payment pursuant to the Proof of Claim as an allowed unsecured claim which was timely filed. This Motion was supplemented with a Memorandum and Notice of Supplement. The Trustee's Memorandum in Response seeks denial of Mrs. Hall's Motion.

### *LAW*

A. 11 U.S.C. § 502 reads as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

B. 11 U.S.C. § 726 reads as follows:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of the kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(C) tardily filed under section 501(a) of this title, if

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim.

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection;

C. Bankruptcy Rules 9006(b)(3) reads as follows:

(3) *ENLARGEMENT LIMITED.* The court may enlarge the time for taking action under Rules 1106(b)(2), 1017(e), 3002(c), ..., only to the extent and under the conditions stated in those ruled.

D. Bankruptcy Rules 3002(a) and (c) read as follows:

(a) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005.

(c) TIME FOR FILING. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of notice.

### DISCUSSION

The allowance or disallowance of claims is deemed a core proceeding under 28 U.S.C. § 157(b)(2)(B). The case at bar is a core proceeding.

Mrs. Hall argues in her Motion and supporting Memorandum that her tardily filed claim should be deemed timely filed under 11 U.S.C. § 502; and that her claim should share in the distribution of property from the estate in accordance with 11 U.S.C. § 726(a)(2)(C). Her contention is based upon four (4) tenets. First, the Trustee failed to file an objection to the Proof of Claim and consequently the claim is deemed allowed. Second, the requisite Notice to File Claims was not served upon Mrs. Hall or her attorney. Third, the Trustee failed to file his Brief in accordance with the schedule established by the Court. Fourth, the failure to act results from excusable neglect and therefore under Bankruptcy Rule 9006(b) this Court should enlarge the time within which Mrs. Hall may file her claim.

The Trustee has no dispute with the facts espoused by Mrs. Hall or her argument that the Proof of Claim should be allowed. The Trustee argues that Mrs. Hall's theories regarding notice; and excusable neglect are specious. Moreover, the Trustee suggests that Mrs. Hall's claim should be allowed and paid pursuant to 11 U.S.C. § 726(a)(3). This Court concurs with the Trustee's analysis.

■ Absent objections, claims for which proof is filed under 11 U.S.C. § 501, are deemed allowed under 11 U.S.C. § 502(a). There have been no objections filed regarding Mrs. Hall's claim and therefore it is deemed allowed. The issue which remains concerns the treatment of Mrs. Hall's allowed, but untimely filed claim. Under Rule 3002(c), a Proof of Claim in a Chapter 7 case shall be filed within 90 days after the first date set for the Meeting of Creditors unless there exists no assets for dissemination. Upon notification to the clerk that assets exist, the clerk distributes a notice to file claims. Allowed claims, whether timely or tardy, are distributed in accordance with the priority established in 11 U.S.C. § 726.

■ In this case, dividends became available for distribution upon settlement of the adversary case. Pursuant to Bankruptcy Rule 3002(c)(5), the Trustee notified the Court of the availability of assets and the clerk notified the creditors of their opportunity to file Proofs of Claim within ninety (90) days. The requisite notice in this case was issued on July 22, 1992, to Mr. Hall at his address of record. Mrs. Hall filed the Proof of Claim on December 7, 1992. The untimely filed Proof of Claim in a Chapter 7 case cannot be deemed timely filed unless it falls into one of the exceptions under Bankruptcy Rule 3002(c). None of the conditions of Rule 3002(c) are applicable to this case and therefore Mrs. Hall's untimely filed yet allowed claim cannot be deemed timely filed. However, tardily filed yet allowed claims can share in the distribution of property of the estate under 11 U.S.C. § 726(a)(2)(C) or (3).

[3] Under Section 726(a)(2)(C), tardily filed claims are subject to distribution if (1) the creditor did not have notice or actual knowledge of the case in time to timely file a proof of claim under Section 501; and (2) the proof of claim is filed in time to permit payment of the claim. Unsecured tardily filed claims which do not qualify for distribution under Section 726(a)(2)(C) will be subject to distribution under Section 726(a)(3). In the instant case, Mrs. Hall fails to prove the coexistence of both elements in Section 726(a)(2)(C). Although the proof of claim was filed in time to permit payment of the claim, Mrs. Hall fails to convince this Court that she did not receive notice or have actual knowledge of the case in time to file a proof of claim. In support of its finding, this Court notes that notice was mailed to Mr. Hall's address of record but not returned. Mrs. Hall retained the same attorney throughout the more than six (6) years that litigation was pending in the adversary case. In fact, Counsel's Application for Compensation refers to a conference which was held on March 4, 1992 for purposes of valuing the claim. This conference occurred approxi-

mately seven (7) months prior to the deadline for filing claims. Although neither Mrs. Hall nor her attorney filed a request with this Court directing all notices to them, they both had notice or actual knowledge of the case in time to file the Proof of Claim by the due date. Under these circumstances, Mrs. Hall is precluded from sharing in the distribution under 11 U.S.C. § 726(a)(2)(C). Mrs. Hall's claim may share in the distribution of assets under 11 U.S.C. § 726(a)(3) for the reason that her claim is unsecured; tardily filed under section 501(a); and specifically excluded under 11 U.S.C. § 726(a)(2)(C).

Mrs. Hall's second, third, and fourth arguments are without merit. Mrs. Hall's attorney received notice of all pending matters in the adversarial proceeding for the reason that he was the attorney of record. As previously mentioned, the record is devoid of any filed request that notices required for mailing under rule be directed to either Mrs. Hall, as representative of the estate, or her counsel as authorized agent. See BANKRUPTCY RULE 2002(g). Moreover, by her own admission, the Notice to File Claims was never returned to the clerk.

The Court established a briefing schedule which was suspended during the assessment of a pending priority tax claim. Upon resolution of this issue, the Court reinstated the briefing schedule, allowing the Trustee to file his brief by May 14, 1993. The Trustee filed his Memorandum in Response on May 12, 1993. Since Trustee's Response was timely filed, the third branch of Mrs. Hall's argument is unfounded.

■ Mrs. Hall's reliance upon the case law in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), is equally misplaced. The Supreme Court in *Pioneer* analyzed the applicability of Rule 9006(b) in Chapter 11 cases and found that the inadvertent failure by an attorney to file a Proof of Claim within the deadline set by the Court can constitute excusable neglect within the meaning of Bankruptcy Rule 9006(b). Rule 9006(b)(3) specifically excludes the enlarge-

ment of time in Chapter 7 cases, which are subject to conditions under Bankruptcy Rule 3002(c). The case at bar is a Chapter 7 proceeding and therefore subject to standards under Rule 3002(c) and not Rule 9006(b). Clearly, those principles established in *Pioneer* have no relevance to the case at bar.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel and Trustee, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Mrs. Hall's Motion for an Order authorizing payment of her claim on behalf of the Estate of Austin G. Hall as an allowed unsecured claim as if timely filed, be and is hereby, **DENIED.**

It is **FURTHER ORDERED** that Mrs. Hall's Proof of Claim be, and is hereby, deemed an allowed unsecured claim, subject to distribution under 11 U.S.C. § 726(a)(3).